STONE, C. J.
The record before us shows the following state of facts. No question was raised on the justness of plaintiff’s claim, considered by itself, but the same was conceded. The language of the bill of exceptions is, that the “defendant in his testimony conceded he had got the goods therein charged, and did not deny its correctness.” Neither did he claim that he had made any payments, other than those which had been allowed him. So, we may dismiss the plaintiff’s side of the controversy with the statement, that it was fully made out, and not controverted; it fact, was admitted. This might have been charged on without hypothesis. — 3 Brick. Dig. 109, § 44; Hall v. Posey, 79 Ala. 84.
Baltzell was the publisher of a newspaper in Troy, Alabama ; and the indebtedness claimed by plaintiff was for partly printed papers furnished to him on his successive orders, to be filled up and supplied by Baltzell to his customers. One ground of defense was, that Baltzell, by the *124 terms of the contract, was to supply to the company from which he obtained the paper certain copies of his finished newspaper, for which he was to be paid an agreed price; that he had furnished the papers, and had not been paid for them. The record discloses no ruling of the court on this question, and hence nothing in relation to this phase of the case is presented for our consideration.
The only other defense relied on is presented as follows: There was testimony tending to show that, under the stipulations of the contract to supply papers partly printed, not exceeding three columns of the printed matter so furnished was to be occupied by advertisements; and that in the printed matter actually furnished there was an average of more than three columns devoted to .advertisements, inserted by the furnishing company. Eor this excess over the average of the three columns, the defendant claimed set-off, or recoupment, at the rate he charged for inserting advertisements; and he testified what that rate was. The bill of exceptions states that “there was no evidence' in the case tending to show the difference in the value of the paper with more than three columns of advertisements, and the same paper with only three columns of advertisements;” and it asserts that it contains all the evidence. We may add, there was no testimony that the excess of advertisements injured either the value, the circulation, or the saleableness of the newspapers.
It is manifest that Baltzell’s advertising rates furnished no criterion for estimating the amount of his set-off, or recoupment. The advertisements occupied no blank space he had reserved to himself, and he bestowed neither labor nor expense on them. All he could claim for such breach of contract, would be the injury he is able to prove he suffered therefrom; and failing to make such proof, the jury were without rule or guide for allowing him damages, or even for finding that he had sustained any damage. Yerdicts can rest only on testimony, aided sometimes by legal presumptions.
The testimony, not only uncontroverted, but admitted to be correct, fully made out plaintiff’s case; while there was no testimony authorizing the jury to find any thing in defendant’s favor, on account of the excess of advertisements. It is thus affirmatively shown that no charge the court could have given on that question, could have done him any appreciable injury. All the charges, given or refused, on which exceptions are reserved, relate to that feature of the *125 defense; and even if erroneous in any particular, which we do not assert, it was error without injury. — Hall v. Posey, 79 Ala. 84.
In what we have said above, we have made no allusion to defendant’s acquiescence in, and ratification of the alleged breach of agreement by the furnishing company. The proof of this seems to be very full, and the evidence tending to show it is not controverted by the defendant himself. We need announce no ruling on this question. — 1 Brick. Dig. 397, § 279.
Affirmed.