| 94 | 143 |
| 94 | 216 |
| 94 | 143 |
| 96 | 402 |
| 97 | 162 |
| 97 | 175 |
| 94 | 143 |
| 98 | 382 |
| 94 | 143 |
| 109 | 133 |
| 94 | 143 |
| 138 | 560 |
| 94 | 143 |
| 143 | 126 |

# Seaboard Manuf'g Co. *v.* Woodson.

*Action by Employe against Employer, for Damages on account of Personal Injuries.*

1. *Averment of negligence in complaint; injuries caused by defects in machinery.*—In an action by the employé against the employer, to recover damages for personal injuries (Code, § 2590), if the complaint alleges that the injuries were caused by a defect in the machinery used, it must also allege that such defect arose from the negligence of the employer, or of some person in the service who was intrusted by him with the duty of seeing that the machinery was in safe and proper condition, or had not been discovered or remedied on account of negligence on the part of one or the other of them; and an averment that they knew of the defect, or might have known by the exercise of reasonable diligence, without more, is not suffcient.

2. *Waiver of error in ruling on demurrer, by pleading over.*—If a demurrer be improperly overruled to a defective count, which is afterwards amended by the addition of an immaterial averment not curing the defect, the error is not waived by pleading to such amended count without again demurring.

3. *Averments of negligence by superior fellow-servant.*—A count which alleges that plaintiff's injuries were caused by the negligence of the foreman who had superintendence and control of the engines. machinery, &c., and who knowingly allowed the engine which plaintiff was oiling and cleaning to be and remain in a defective condition, is sufficient under the second sub-division of the statute.

4. *Charge stating facts hypothetically.*—When disputed facts are stated in a charge, they should be stated hypothetically so distinctly that the jury may clearly understand that it is their province to determine whether the facts are established.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Abe Woodson against the appellant corporation, to recover damages for personal injuries sustained by plaintiff while in defendant's employment, which necessitated the amputation of one of his arms. The accident occurred on the 12th June, 1890, and the action was commenced on the 5th November, 1890. The plaintiff was a fireman in the defendant's service, and, at the time of the acci-

dent, was under an engine attached to a train of cars, oiling and cleaning it. William Lewis was the engineer of the train, and on leaving it, as plaintiff's evidence tended to show, had instructed plaintiff to oil and clean it, which required him to get underneath it; and he left the lever standing in a "back motion position, with the cylinder cocks closed," the brakes on, and the wheels scotched behind. The throttle-valve of the engine leaked, and the steam, escaping into the cylinder, moved the engine backward, in spite of the obstructions, and thus caused the accident. The plaintiff had a judgment on verdict for $775.

The first count alleged that, at the time of the accident, while plaintiff was in the performance of his duties as fireman, "acting in obedience to the rules, orders and regulations made by defendant's proper officers, he was run over by one of the locomotive engines," &c.; "that said injury was caused by reason of defects in said engine; that said defects were known to the superior officers of the plaintiff, and known to the defendant [*or might have been known by the exercise of ordinary and reasonable diligence*], and consisted in this: that the throttle-valve leaked, and allowed the steam to pass through into the cylinders of the engine, and caused the engine to move off without notice to plaintiff, while he was under the same," &c. The defendant demurred to this count, (1) "because there is no sufficient allegation of negligence;" (2) "because it is not alleged that said defect arose from, or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the defendant's service intrusted with the duty of seeing that the machinery was in proper condition." The court overruled the demurrer, and, the count being then amended by adding the italicized words in brackets, as above stated, the defendant pleaded not guilty to it.

The second count alleged that the plaintiff, while in the defendant's service, and in the discharge of his duties as fireman, "was injured by reason of the negligence of the defendant's foreman, who was intrusted by the defendant with the exercise of superintendence over the plaintiff, said railroad, its engines and cars; that the negligence of said foreman consisted in this, that he knowingly allowed a certain engine to be and remain in a defective condition, so that, on said 12th June, 1890," while plaintiff was under it in the discharge of his duties, "said engine moved off, by reason of the throttle-valve leaking," &c. The defendant demurred to this count, (1) "because it is not alleged that the defect complained of in the engine arose from, or had not been remedied owing to the

[Seaboard Manufacturing Company v. Woodson.]

negligence of said foreman;" (2) "because it is not alleged how long the said defect had existed prior to the accident." The demurrer to this count was overruled, and not guilty was pleaded to it; on which plea issue was joined.

The court gave the following charge to the jury, on request of the plaintiff: (7.) "If the foreman, Dumont, knew that the engine was out of order, as shown in the complaint, then plaintiff would not be required to inform defendant, if the jury believe that Dumont was a foreman in charge and control of the defendant's locomotive engines and cars." To this charge the defendant excepted.

The overruling of the demurrers to the complaint, and the charge given, are assigned as error.

GREG. L. & H. T. SMITH, for appellant.—(1.) The first count was demurrable. Mere knowledge of a defect in machinery does not amount to negligence, unless obtained in sufficient time to have repaired it before the accident; nor is it negligence when coupled with a failure to repair within a reasonable time, if the defect was of such character as to create danger only when improperly handled. A perfect throttle-valve and one which leaks are each dangerous to a man who is under the engine, when, and only when, the engineer is negligent in the manner in which he leaves the engine. *Wilson v. L. & N. Railroad Co.*, 85 Ala. 272; *Railway Co. v. Holborn*, 84 Ala. 138. (2.) The second count alleges that the injury arose from the negligence of the foreman, and sets out the facts constituting the alleged negligence; but these facts, without more, do not show negligence. (3.) The seventh charge given by the court assumed the existence of two facts, each of which was disputed—that Dumont was foreman, and that the throttle-valve leaked.—*Jonas v. Fields*, 83 Ala. 445; *Moore v. Watts*, 81 Ala. 264; 82 Ala. 322; 89 Ala. 102.

B. B. BOONE, contra.—(1.) If the first count was defective, and the court erred in overruling the demurrer to it, the error was waived by joining issue on the amended count without again demurring.—*Railroad Co. v. Arnold*, 84 Ala. 159; *Agnew v. Walden*, 84 Ala. 502; *Craven v. Higginbotham*, 83 Ala. 431; *Johnston v. Railroad Co.*, 9 Amer. St. 351; *Darracutt v. Railroad Co.*, 82 Va. 288; 8 Texas, 29; *Doty v. State*, 6 Blackf. 529; *McKinnon v. Lessly*, 89 Ala. 627; *Jones v. Thompson*, 6 Hill, 621; *Railroad Co. v. Coulton*, 86 Ala. 131; *Johnson v. Spear*, 15 Amer. St. 298. (2.) The second count expressly alleged negligence on the part of the foreman, and stated the facts which constituted that negli-

gence.—*Railroad Co. v. Coulton*, 86 Ala. 131; *Railroad Co. v. Bradford*, 86 Ala. 580; *Railroad Co. v. Walters*, 8 So. Rep. 359; 84 Ala. 133. (3.).The charge given is not obnoxious to the criticisms urged against it.

WALKER, J.—1. The first count of the complaint alleges that the injury to the plaintiff was caused by reason of defects in the condition of the locomotive engine, upon which he was serving as fireman; and the defect mentioned was that the throttle-valve leaked and allowed the steam to pass through into the cylinders of the engine, and caused the engine to move off without warning to the plaintiff, while he was under the same, oiling and wiping it off. The original first count alleged, "that said defects were known to the superior officers of plaintiff, and known to the defendant." The manifest purpose of this count is to show such a state of facts as to render the defendant liable under sub-division 1 of section 2590 of the Code of 1886; the injury being attributed to a defect in machinery and to no other cause. The demurrer raised the question of the sufficiency of the averments to charge the defendant with liability under that clause of the statute. The statute does not impose a liability upon the employer for an injury to an employè caused by reason of a defect in machinery connected with or used in the business of the employer or master, unless such defect "arose from or had not been discovered or remedied owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition." The description of the defect to which the injury is imputed must come within the specific limitations of the proviso just quoted. Liability is not imposed, unless the defect has one or more of the features there particularly mentioned. A statement of a defect which does not come within the qualifying language of the proviso falls short of what is necessary to be shown. The allegations must state a case so as to bring it within the description of one of the particular phases of negligence for which a liability is imposed upon the employer by the terms of the statute. When the claim is made under the first sub-division of the section, it is incumbent upon the plaintiff to show by his complaint, and by his proof, that the injury resulted from a defect which either arose from, or had not been discovered, or had not been remedied, owing to such negligence as is specified by the statute. *Columbus & Western Railway Co. v. Bradford*, 86 Ala. 574; *L. & N. R. R. Co. v. Davis*, 8 So. Rep. 552.

[Seaboard Manufacturing Company v. Woodson.]

It is plain that the first count of the complaint in this case does not allege that the specified defect arose from the negligence of the defendant, or of any employé intrusted with a duty in that regard. There is no averment as to how the defect arose. Nor can it be claimed that this count shows that the injury was caused by the negligent failure to discover the defect; for the averment that the defect was known to the superior officers of plaintiff, and to the defendant, shows that it had been discovered prior to the injury. The inquiry, then, is narrowed to this question: does the complaint show that the defect had not been remedied owing to the negligence of the defendant, or of some person in its service who was intrusted with the duty of seeing that the engine was in proper condition? There is no specific averment of any negligence. No more is shown than that the defect was known. The averment of the complaint in this regard would have been supported by proof that the defect in question was known to plaintiff's superior officers, and to the defendant, for any length of time prior to the injury, though such knowledge had been acquired so recently that it was impossible that it could have been availed of for the purpose of remedying the defect before the injury befell the plaintiff. Unless there had been a reasonable opportunity to effect a remedy, it could not be said that the failure to do so was negligent. The defendant must have had sufficient time to remedy the defect after its discovery, before it could be chargeable with negligence in failing to effect such remedy. Mere knowledge, without the opportuniy to act on it, would not constitute negligence.— *Wilson v. L. & N. R. R. Co.*, 85 Ala. 273; *Mobile & Birmingham Bailway Co. v. Holborn*, 84 Ala. 133. The insufficiency of the first count of the complaint is disclosed by the application of the test which is afforded by ascertaining what proof would suffice to support its averments. The proof required for this purpose does not necessarily involve any showing that the defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in its service, and intrusted by it with the duty of seeing that the engine was in proper condition. The demurrer was addressed to the insufficiency of the allegation of negligence, and should have been sustained.

2. The defendant did not, by pleading ever, waive the privilege of assigning the error in the judgment overruling his demurrer.—Code of 1886, § 2692. The count, as amended by the insertion of the alternative averment that the defect could have been known to the defendant, was capable of being supported by the same proof which would have sufficed for the

original count; so that the defect in the pleading was not cured by the amendment.

3.   The second count of the complaint is drawn under the second sub-division of section 2590 of the Code. It alleges, in substance, that the plaintiff, while engaged as a fireman, was injured by reason of the negligence of the foreman of the defendant who was intrusted by it with the exercise of superintendence over the plaintiff, and over defendant's railroad and its engines and cars; that said negligence consisted in said foreman knowingly allowing a certain engine to be and remain in a defective condition, and that by reason of such defective condition of the engine the plaintiff was injured while in the performance of his duty as a fireman. The particular defect is described as in the first count. Here, there is an explicit averment of the negligence of a person intrusted with a superintendence by the employer; it is shown that he was guilty of such negligence whilst in the exercise of such superintendence, and that the injury was caused by reason of the omission of duty which was described as negligent. These averments brought the charge within the terms of the statute, and were sufficiently explicit.— *Western Railway Co. v. Lazarus*, 88 Ala. 453; *Hall v. Posey*, 79 Ala. 84; *L. & N. R. R. v. Coulton*, 86 Ala. 129; *Ga. Pac. R. R. Co. v. Propst*, 85 Ala. 203. There was no error in overruling the demurrer to the second count.

4.   Error is imputed to the charge given by the court at the request of the plaintiff, on the ground that it assumed the existence of the disputed fact as to Dumont being the defendant's foreman, and as to the engine being out of order as shown in the complaint. We are not satisfied that the charge is fairly susceptible of this construction. When disputed facts are enumerated in a charge, they should be stated hypothetically, so that the jury may clearly understand that it is for them to determine from the evidence whether or not such facts are established. We are not prepared to say that this rule was not conformed to in the framing of the charge in question. It is the safe course, however, to avoid the possibility of the jury understanding from any instruction given them by the court that any disputed fact is assumed to be established. The possibility of any such misunderstanding may be removed on another trial by re-framing the charge, so that the facts hypothetically stated may be more clearly and distinctly left to the determination of the jury from the evidence.

Reversed and remanded.