## JOHN CONNOLLY vs. CITY OF WALTHAM.

Middlesex.    March 17, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Negligence — Due Care*
*— Construction of Statute.*

The superintendent of the water works of a city had, under the direction of water commissioners, the general superintendence of the out of door work and property connected with the works. In an action against the city under the St. of 1887, c. 270, § 1, cl. 2, for injuries occasioned to the plaintiff by the caving in of the sides of a trench in which he was working, the defendant contended that the superintendent was subject to the direction of the commissioners, and that, as neither the city nor the commissioners furnished him with materials for bracing the trench, or gave him authority to procure them, he had no right so to do, so that he could not personally be charged with negligence; and that, as the superintendent's negligence alone was charged, the question whether the city was liable for not furnishing materials was not in issue. *Held,* that a superintendent may be negligent in ordering work to be commenced or continued when the proper materials or appliances are not at hand, as well as in failing to use those which are at hand; that if the superintendent in question knew or had reason to know that there was danger of the caving in of the trench, and had no materials for bracing it, and no power to procure them, due care required of him to stop the work until suitable materials were furnished, and it was personal negligence in his work of superintendence to allow the digging to go on before the necessary materials were procured; and that for such negligence the principal was answerable, and could not escape liability by showing that it was by his own act, and not by the fault of the superintendent, that suitable materials were wanting.

In an action against a city under the St. of 1887, c. 270, § 1, cl. 2, for injuries occasioned to the plaintiff by the caving in of the sides of a trench in which he was working, it was *held* that the questions whether the superintendent was negligent in permitting the work to be done without protecting the sides of the trench, and of the plaintiff's due care in working where he did, were for the jury.

The St. of 1887, c. 270, § 5, which provides that an employee shall have no remedy in any case where he knew of the defect or negligence which caused the injury, and failed within a reasonable time to give information thereof, was intended not to create conditions precedent which a plaintiff must show have been complied with before he can maintain an action, but to give to the employer a new ground of defence, the burden of showing which rests upon the defendant.

TORT, under the St. of 1887, c. 270, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Blodgett,* J., the jury

returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. M. Ludden,* for the defendant.

*B. B. Johnson & J. L. Harvey,* for the plaintiff.

BARKER, J. The plaintiff was a laborer employed upon the city water works of Waltham, and had been so employed for about six weeks, when the side of a trench caved in upon him while he was at work. The trench was about five feet wide and six feet deep, and open for some three hundred feet. It was in sandy ground, and the earth thrown out was piled upon the side which fell. The trench was not planked, and no material was provided for the purpose of preventing it from caving. The injury occurred on August 30, 1888, and the action was under the employers' liability act of 1887, the declaration alleging negligence of the superintendent in failing to sheet and brace the trench, and in permitting earth to be piled upon the bank. The questions for decision are raised by exceptions to the refusal of rulings which the defendant requested.

1. It appears that the town of Waltham was authorized to supply pure water by the St. of 1872, c. 337, and that under this statute a board of water commissioners was provided for, to execute, superintend, and direct the performance of the works, subject to the vote of the town. St. 1872, c. 337, § 7. A similar board was provided for by the city charter of Waltham, and was required annually to appoint a superintendent, to be under their control and direction, and removable by them. St. 1884, c. 309, § 24. A city ordinance provides that the board shall have and exercise all the rights and powers granted to the water commissioners in the St. of 1872, c. 337, with the general supervision and expenditure of the appropriations for constructing, extending, and maintaining the works, and shall make all necessary contracts for the supply of labor and materials, exercising these powers subject to the orders of the board of aldermen, and that the superintendent, under the direction of the board of water commissioners, shall have the general superintendence of the out of door work and property connected with the water works, the hiring and discharging of laborers, the purchasing of materials, and shall generally perform such services as the board shall direct. The original commissioners

were authorized to establish prices or rents to be paid for the use of the water, and these might be increased after three years. The city ordinance provides that the clerk of the water board shall collect all bills for the use of water. The superintendent in charge of the work when the plaintiff was injured was the superintendent whose appointment was provided for in the St. of 1884, c. 309, § 24, and whose duties were defined in the city ordinance above mentioned. The court refused to rule that the city was not responsible for a negligent act of this superintendent, and the defendant now argues that such a ruling should have been given, not upon the ground that he was a public officer, and acting in that capacity, and not as the defendant's agent or servant, but for the reason that the superintendent was under the direction of the commissioners, and could not purchase or furnish anything except by their direction; and that, as neither the city nor the commissioners furnished him with materials for bracing the trench, or gave him authority to procure them, he had no right or power so to do, and no duty to do that which was beyond his legal right and power; so that he cannot personally be charged with negligence; and that, as the superintendent's negligence alone is charged, the question whether the city is liable for not furnishing materials for bracing is not in issue.

But this view of the case is too narrow. A superintendent may be negligent in ordering work to be commenced or continued when the proper materials or appliances for insuring the safety of the workmen engaged are not at hand, as well as in failing to use materials or appliances which are at hand. If he knew, or had reason to know, that there was danger of the caving of the trench, and had no materials for bracing it, and no power to procure them, due care required of him to stop the work until suitable materials were furnished; and it was personal negligence in his work of superintendence to allow the digging to go on before the necessary materials were procured. For such negligence of a superintendent, the principal is answerable, and cannot escape liability by showing that it was by his own act, and not by the fault of the superintendent, that suitable materials were wanting.

2. The defendant also contends that there was no evidence that

the injury was caused by the negligence of the superintendent. We have no doubt that it was a question for the jury whether, in the exercise of due care, the superintendent could allow such a trench as the witnesses described to be opened in sandy soil, without protecting the sides by planking. Whether such a course so exposed the workmen to danger as to be negligent, is to be determined by the jury.

3. The same consideration disposes of the general request for a verdict for the defendant. The same state of the evidence which made it right to submit to the jury the question whether the superintendent was negligent in permitting the work to be done without protecting the sides of the trench, required that the question of the plaintiff's due care in working where he did should also be passed upon by them.

4. The remaining contention is, that there was no evidence that the plaintiff was ignorant of the defect or negligence which caused the injury, nor that he gave information thereof, and that therefore he cannot recover under the employers' liability act. The question is one as to the construction to be given to that act, and not whether it is necessary for an employee who sues at common law to allege and prove that he was ignorant of the danger which caused his injury. See *Buzzell* v. *Laconia Manuf. Co.* 48 Maine, 113. *Griffiths* v. *London & St. Katharine Docks Co.* 13 Q. B. D. 259. The defendant contends, that, inasmuch as the plaintiff sues under the statute, he must allege and prove either his ignorance of the defect or negligence which caused the injury, or that, in a reasonable time after discovering it, he gave, or caused to be given, information thereof to his employer or superintendent. But we are of opinion that the fifth section of the St. of 1887, c. 270, was not intended to create conditions precedent, which a plaintiff must show have been complied with before he can maintain an action, but to give to the employer a new ground of defence, the burden of showing which rests upon the defendant. *Weblin* v. *Ballard*, 17 Q. B. D. 122, 125. The fifth section is not a part of the provisions which define the circumstances essential to show that a plaintiff comes within the right of recovery granted in the first section of the statute; nor is it a requirement that something shall at all events be done before the right of action accrues, such as giving

due notice of the injury, but it excepts from the right to recover employees who, knowing the danger, fail to give information thereof within a reasonable time. As this exception is not in that portion of the statute which gives the right of action, and as the failure to give information does not prevent recovery unless the employee knows of the defect or negligence so long a time before his injury that he can reasonably give information, and with such knowledge fails to give the information, it is a matter of defence only, and need not be alleged or proved by the plaintiff.            *Exceptions overruled.*