# Sloss-Sheffield Steel & Iron Co. v. Green.

*Action for Damages for Injury to Employe.*

(Decided April 15, 1909.   49 South. 301.)

1. *Master and Servant; Injury to Servant; Negligence of Superintendent.*—To support an action under subdivision 2, section 3910, Code 1907, the evidence must show that the employe whose negligence is alleged had superintendence entrusted to him, and that the injury was caused by his negligence while in the exercise of such superintendence.

2. *Same; Evidence.*—The evidence in this case examined and stated and held to show that the person charged with negligence was entrusted with superintendence over the mines and miners within the purview of subdivision 2, section 3910, Code 1907.

3. *Same.*—It is negligence in one entrusted with superintendence over the mines and miners as to the safety thereof, to create or allow a condition therein to exist that will render an accident probable through the means of an intervening agency which might have been foreseen with due care.

4. *Same.*—The evidence in this case stated and examined and held to support a finding that the foreman charged with the condition of the mines was so negligent as to authorize a recovery under subdivision 2, section 3910, Code 1907.

5. *Same; Statutes; Construction.*—Section 1021, Code 1907, does not require the miners to prop or look after the safety of entries to the miner, but rests that duty on the operator of the mines.

6. *Same; Injury to Servant; Safe Place to Work.*—The entry of a mine is a place which the operator furnishes and in respect to which he must exercise reasonable care to keep safe, and the employe may rely on the operator performing his duties in reference thereto.

7. *Evidence; Conclusion.*—A question to a coal miner as to whose duty it was to inspect and keep up the roof of the entry of the mine calls for a fact and not for the conclusion of a witness.

8. *Same; Competency of Witness.*—It is the duty of one desiring to know upon what foundation a witness will base his answer as to the duty to inspect and keep up the roof of the entry of the mine to interrogate the witness upon that subject before permitting the witness to answer the question, and if such examination reveals the lack of knowledge on the part of a witness, the court should sustain an objection to the question.

9. *Same; Opinion Evidence; Expert Evidence.*—The question as to whether or not the proper inspection of the coal mine entrance would detect the loose condition of the roof before the falling of the rock

is a proper one for expert evidence, and one who has dug coal for fifty-five years and for twenty years of that time has been a miner of coal in Alabama, is qualified to testify as an expert.

10. *Appeal and Error; Harmless Error; Erroneous Admission of Evidence.*—It is not prejudicial error to permit a witness to testify as to a matter that the court could determine to be true as a matter of law.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Robert Green, an employe, against the Sloss-Sheffield Steel & Iron Company, for damages caused to his person by a rock falling from the roof of the entry of a mine. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in permitting Mason to answer the question as to whose duty it was to inspect and prop and keep up the roof of the entry in that mine.—*Ward v. Shirley,* 131 Ala. 568; *Alexander v. Handley,* 96 Ala. 220; *M. & W. R. R. Co. v. Edwards,* 41 Ala. 667. Counsel discuss other assignments of error, relative to the evidence, but without citation of authority. They insist that the court erred in refusing the 2nd charge requested by the defendant.— *Pioneer M. & M. Co. v. Smith,* 146 Ala. 234, and cases there cited.

BOWMAN, HARSH & BEDDOW, for appellee. The court did not err in reference to the evidence.—*Woodstock Co. v. Reed,* 84 Ala. 493; *McGrew & Harris v. Walker,* 17 Ala. 824; 3 Mayf. Dig. 482; *Schlaff v. L. & N.,* 100 Ala. 377; 17 Cyc. 76. The court did not err in refusing the charge requested.—*Roche v. Lowell Bleacheral,* 181 Mass. 481; *Osborn v. Jackson & Todd,* 11 L. R. C. B. 619; *K. C. M. & B. v. Burton,* 97 Ala. 240; *Robinson Mining Co. v. Tolbert,* 132 Ala. 462.

DENSON, J.—This is an action by an employe against his employer to recover damages alleged as consequent upon a personal injury sustained by the employe while he was engaged in the performance of his duties, to wit, mining coal; such injury being caused by a part of the roof or top of the employer's mine falling upon him. The case is presented by a complaint containing three counts; but the second, having been charged out at the request of the defendant, is not before us. Indeed, it is not necessary to consider the cause in respect to any count other than the third count as amended. This count presents a cause of action under the second subdivision of section 1749 of the Code of 1896 (section 3910 of the present Code). The count ascribes the injury to the negligence of C. M. Parker whilst he was in the exercise of superintendence, in that he "negligently caused or allowed said part of said roof or top to fall upon or against plaintiff." At the conclusion of the evidence the defendant requested, in proper form, the general affirmative charge in respect to this count, which was refused by the court.

There can be no doubt that, under the count, to support the ruling of the court refusing the charge, it is essential that the evidence be such as to afford a reasonable inference, that Parker had superintendence intrusted to him, and that the injury was caused by his negligence whilst in the exercise of such superintendence.—*Drennen v. Smith*, 115 Ala. 396, 22 South. 442. "To hold otherwise would be to fasten liability on the master to the servant for that which is at most negligence of a fellow servant, having no greater power or authority than the servant who complains of the injury."—*City, etc., v. Harris*, 101 Ala. 564, 570, 14 South. 357; *Dantzler v. DeBardeleben*, 101 Ala. 309, 16 South. 10, 22 L. R. A. 361. The testimony tends to show that C.

[Sloss-Sheffield Steel & Iron Co. v. Green.]

M. Parker was defendant's "foreman, mine boss, or bank boss." One of the witnesses—a miner in the employment of the defendant at the time of the injury—testifying in this respect, said: "Mr. Parker was the defendant's mine foreman over us at that time." The plaintiff testified, substantially, that he entered into the employment of the defendant on the morning of the day on which he was injured, and that Mr. Parker, the mine boss, put him to work at the place where he was injured; that he had been at work only a short while when a large rock fell from the roof or top of the entry upon his leg and broke it.

There was other testimony in the record tending to show that the rock fell from the roof of the entry. The entry, as the evidence shows, was 8 feet wide and 5 feet 6 inches high, and extended at least 100 feet further into the mine, beyond the point where the plaintiff was put to work by the foreman. It is also shown, without conflict in the evidence, that it was the duty of the foreman or mine boss to inspect the roof of the entry; and the evidence tends to show that, by a proper inspection prior to the time the plaintiff was put to work, the foreman could have determined whether or not the roof of the entry was "loose or sound, before it fell," and, of consequence, whether or not any interference with conditions as they existed at the time and place, by mining, would probably cause any giving away of the roof.

On these tendencies of the evidence found in the record, and by the light of all our cases, we feel that we are on safe ground in holding that the evidence affords a reasonable inference of superintendency intrusted to Parker over both the miners and the mine, especially touching the condition of the mine—its safety or not.—*Culver v. Alabama Midland Railway Co.,* 108 Ala. 332, 18 South. 827; *Robinson v. Tolbert,* 132 Ala. 462, 31

South. 519; *Seaboard Mfg. Co. v. Woodson*, 94 Ala. 143, 10 South. 87; *Bessemer, etc., Co. v. Campbell*, 121 Ala. 50, 61, 25 South. 793, 77 Am. St. Rep. 17. This being true, it would follow that it would be negligence for him to "create or allow such condition of things to exist" as would "render an accident probable through the means" even "of. an intervening agency, which due care might have foreseen."—*Seaboard Mfg. Co. v. Woodson, supra; Lynch v. Allyn*, 160 Mass. 248, 35 N. E. 550; *Connolly v. Waltham*, 156 Mass. 368, 370, 31 N. E. 302; *McCauley v. Norcross*, 155 Mass. 584, 30 N. E. 464; *Malcolm v. Fuller*, 152 Mass. 160, 25 N. E. 83; Dresser, Employer's Liability, bottom of page 290.

We think the evidence, and tendencies of evidence, heretofore recited, sufficient to support reasonable inferences that Parker was chargeable with knowledge of the condition of the roof of the entry, or that it was his duty, in the exercise of reasonable care, to know its condition, and that he was guilty of actionable negligence, within the exercise of his superintendency, in putting the plaintiff to work at the place in question. See cases cited supra. Upon the foregoing considerations, the court holds that the affirmative charge was properly refused.

After it was shown, without objection and without conflict in the evidence, that it was the duty of the defendant company to inspect the roof of the entry in the mine, the plaintiff sought to prove by a witness (one Mason), who was a miner in the same mine, and in the employment of the defendant, at the time of the casualty in question, that it was the duty of the foreman or bank boss to inspect and keep up the roof of the entry, and for this purpose asked him this question. "In that coal mine whose duty was it to inspect and prop and keep up the roof in the entry? The question was ob

jected to on the single ground that it called for a con-
clusion of the witness, and exception was reserved to
the overruling by the court of the objection. We think
the question called for the statement of a fact—collect-
ive facts, it may be—which, as a rule, witnesses may
depose to. The presumption, from the question and the
precedent testimony, is that the witness had knowledge
of the fact inquired about. "If the defendant desired
to know the foundation on which the witness rested his
answer, he could and should have interrogated him on
the subject." By permission of the court he could have
done so before the witness was allowed to answer the
question; and, if his examination had revealed lack of
knowledge of the fact inquired about, the court might
have sustained the objection. A case very near in point,
to the effect that the court did not err in overruling
the objection to the question, is that of *Eureka etc., Co.
v. Wells,* 29 Ind. App. 1, 61 N. E. 236, 94 Am. St. Rep
259, bottom of page 265. See, also, *Richmond, etc., Co.
v. Hammond,* 93 Ala. 181, 185, 9 South. 577; *Elliot v.
Stocks,* 67 Ala. 290, 301; *Grantham v. Payne,* 77 Ala.
584; *McGrew v. Walker,* 17 Ala. 824; *First Nat. Bank v.
Leland,* 122 Ala. 289, 296, 25 South. 195; *Street v. Sin-
clair,* 71 Ala. 110, 116; *Turnley v. Hanna,* 82 Ala. 139,
144, 2 South. 483; *Hood v. Disston,* 90 Ala. 377, 379, 7
South. 732.

The objections to the question propounded to the wit-
ness Griffith were also properly overruled. But a differ-
ent question is presented by the objections made to the
testimony elicited from the witness Chambers. He was
not asked about the defendant's mine, nor any particu-
lar mine; but, after testifying that he had "dug coal"
55 years and had mined coal in Alabama for 20 years,
he was asked: "Whose duty" it is "to keep up the roof
of a coal mine along the entries—is it the duty of the

miner or the company?" This question was objected to, upon the grounds of irrelevancy, immateriality, and incompetency of the evidence called for thereby; but the court overruled the objection, and witness answered: "It is the boss' place to keep up the roof." "Our statutes on the subject of mining indicate a public policy to the effect that mine owners and operators shall be charged with the duty of making their mines reasonably safe for miners; and miners themselves are also required in certain cases to look out for their own safety, as in propping the roofs of the rooms in which they work, the duty of furnishing the timbers being cast upon the company (Code 1896, § 2919; Code 1907, § 1021)." But there is no provision requiring the miners to prop or look after the safety of entries. That duty rests, therefore, on the owners or operators of the mines.

It has been seen that the undisputed evidence here shows that the entry extended 100 feet beyond the point where the plaintiff was injured. Therefore it was not a place which the employe furnished for himself, but was a place over which he had no control. For these reasons it must be considered to have been a place which the defendant furnished, and in respect to which the law imposed on defendant the duty to exercise reasonable care, to the end of keeping it safe; and in this view the employe had the right to rely upon the defendant having fulfilled or performed this duty.—*Eureka Co. v. Bass,* 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; *Taylor v. Star Coal Co.,* 110 Iowa, 40, 81 N. W. 249; *Wellston Coal Co. v. Smith,* 65 Ohio St. 70, 61 N. E. 143, 55 L. R. A. 99, 87 Am. St. Rep. 547, and authorities cited in Freeman's note on page 567, "G." According to these principles, and under the evidence, the court was authorized to consider it a question of law—that it was the duty of the company to keep the roof of the entry in a rea

sonably safe condition. Therefore it must follow that no injury could possibly have accrued to the defendant from allowing the questions in this respect to be propounded to the witness Chambers.

In the light of the testimony, we think the subject matter of the last question propounded to Chambers, "Where an entry has been driven and stood for a long time, and rock falls in the entry from the top of the entry, tell the jury whether or not, if a proper inspection is made by the boss, the top can be detected to be loose or sound before it falls," one upon which expert testimony might be given. Chambers was unquestionably shown to be qualified to testify as an expert on the subject, and the court committed no error in overruling the objections to the questions.

Error prejudicial to the plaintiff not having been shown, the judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.