BOSTON & M. R. R. v. BAKER.

(Circuit Court of Appeals, First Circuit. November 2, 1916.)

No. 1225.

1. APPEAL AND ERROR ⬅1078(4)—REVIEW—WAIVER OF ERRORS.

The propriety of the refusal of requested instructions will not be determined, where, on the hearing in the appellate court, assignments of error complaining of the refusal were waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4259; Dec. Dig. ⬅1078(4).]

2. APPEAL AND ERROR ⬅173(13)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

In an action against a master for the conscious suffering and death of a servant, brought under the Massachusetts Employers' Liability Act (St. Mass. 1909, c. 514, § 127 et seq.), supplemented by the Workmen's Compensation Act (St. Mass. 1911, c. 751), the contention that the master was entitled to rely, under its general denial, upon a contractual assumption of risk by the servant, as opposed to the voluntary assumption of risk, not having been urged below, cannot be urged on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1103, 1117; Dec. Dig. ⬅173(13).]

3. MASTER AND SERVANT ⬅356—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Where the contract of a freight conductor did not refer to defects in the employer's ways, works, or machinery, he did not, under the Massa-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chusetts Employers' Liability and Workmen's Compensation Acts, contractually assume the risk of injury resulting from the failure of the railroad company to use proper care to provide sufficient spacing between tracks, so as to secure such room between a car standing on one track and a train passing on another as an employé of the passing train had the right to expect.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☜356.]

**4. APPEAL AND ERROR ☜216(2)—RIGHT TO ALLEGE ERROR—REQUEST FOR INSTRUCTIONS.**

Where the court charged on a particular issue, and defendant requested no additional instruction, it cannot on appeal complain that the instructions given were insufficient or erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☜216(2); Trial, Cent. Dig. § 628.]

**5. MASTER AND SERVANT ☜270(10)—INJURIES TO SERVANT—EVIDENCE—ADMISSIBILITY.**

In an action for the conscious suffering and death of a railroad conductor, killed when his body came in contact with a stationary car on an adjoining track, the admission of evidence as to standard spacing between tracks from center to center cannot be deemed misleading to the jury, because it could not be applied to converging tracks, for the fact that it was applicable only to parallel tracks is apparent to all.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 920; Dec. Dig. ☜270(10).]

**6. TRIAL ☜250—INSTRUCTIONS—APPLICATION TO CASE—INJURIES TO SERVANT.**

Employers' Liability Act Mass. § 134, provides that an employé, who knew of the defect or negligence which caused his injury, shall not be entitled to recover if he failed within a reasonable time to give information thereof to his employer, or some one intrusted with general superintendence. In an action for the death of a freight conductor, killed when his body came in contact with a car standing on a track adjoining the one on which his train was proceeding, the railroad company did not plead or show any knowledge on the conductor's part of the defect in the spacing of the tracks and improper placing of the car, or his failure to give the required notice. *Held* that, as the matter was one for defense, an instruction on such defense is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. ☜250.]

**7. TRIAL ☜260(1)—INSTRUCTIONS—REFUSAL.**

The refusal of requested instructions, covered by those given, is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ☜260(1).]

**8. MASTER AND SERVANT ☜410—INJURIES TO SERVANT—DEFENSES.**

Where, in an action under the Massachusetts Employers' Liability and Workmen's Compensation Acts for the death of a freight conductor, whose body came in contact with a stationary car on a track adjoining the one on which his train was proceeding, the defenses of contributory negligence and assumption of risk were not open to the railroad company, the refusal of an instruction that, though the conductor placed the stationary car himself, there could be no recovery, was proper.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☜410.]

In Error to the District Court of the United States for the District of Massachusetts; Clarence Hale, Judge.

Action by Mabel M. Baker, administratrix, against the Boston & Maine Railroad. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Archibald R. Tisdale, of Boston, Mass., for appellant.

W. A. Pew, of Salem, Mass. (William D. Chapple, of Salem, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge. The plaintiff below, a citizen of New York, recovered judgment against the railroad under the Massachusetts Employers' Liability Act (St. 1909, c. 514, §§ 127–135, 141–143), as supplemented by the Massachusetts Workingmen's Compensation Act (St. 1911, c. 751), for the conscious suffering and death of her intestate, John W. Ramsdell, who, on April 12, 1915, while employed by the railroad as a freight conductor and in charge of a moving train, received injuries from which he died April 20, 1915. Riding on the side of a freight car in the moving train, his body came into collision with a stationary car on an adjoining track.

The plaintiff waived all other counts originally in her declaration and the case went to the jury on the first count only, which alleged Ramsdell's injuries and death to have been caused by—

"the defective condition of the defendant's ways, works, or machinery, which condition arose from or had not been discovered or remedied owing to the negligence of the defendant or of a person in the defendant's employ intrusted with the duty of seeing that its ways, works, and machinery were in proper condition."

It was admitted that the railroad had not accepted the Workingmen's Compensation Act, so that it was not a "subscriber" within the meaning thereof. Section 1 of that act, therefore, made unavailable to the railroad the defenses either, (1) that Ramsdell was negligent, (2) that his injury was caused by the negligence of a fellow employé, or (3) that he had assumed the risk of the injury, unless, as the railroad contended, the section "deals only with actions at common law," and for that reason was not applicable to the first count of the declaration upon which the case was submitted as above. Relying on this contention, the railroad had pleaded in its answer, besides a general denial, that Ramsdell's own negligence contributed to his injury and death, and that he "assumed the risks of his employment in this case."

[1] Rulings were requested by the railroad at the trial, in accordance with its above contention, that section 1 did not apply and that the above defenses were open to it, which requests were refused by the court. These refusals it originally assigned as errors; but all these assignments of error it waived at the hearing in this court. The only alleged errors it has here relied on relate to the trial below of the only issue there presented, viz., whether or not defects, existing through negligence on the railroad's part in its ways, works, or machinery, were proved to have caused Ramsdell's injuries.

[2-4] The railroad asked the court below to direct a verdict for the defendant, to rule that on all the evidence the plaintiff could not recover, and to rule that the jury would be warranted in finding that

Ramsdell assumed the risk due to the proximity of the stationary car to the train on which he was hit. Complaining here of the refusal of its above requests, it contends that although the above statute applied, and deprived it of the defense that Ramsdell "had assumed the risk of the injury," it is, nevertheless, entitled to rely, under its general denial, upon a contractual assumption of risk by him, as opposed to a voluntary assumption of risk, which it would have to plead. It relies on Ashton v. Boston & Me. R. R., 222 Mass. 65, 109 N. E. 820, L. R. A. 1916B, 1281, and says that upon the evidence such contractual assumption of risk was shown, or at least that the jury might so have found.

But, so far as any instruction regarding assumption of risk is concerned, the above contention is an afterthought on the railroad's part. The record shows that no such contention was raised in or passed upon by the trial court. We cannot regard it as open to the railroad here. Nor if it be regarded as open, can we sustain it. The evidence could not be said to require the finding that Ramsdell assumed by his contract of employment the risk of injury from the proximity of the stationary car. It did not appear that his contract of employment had any express relation, when made, to defects in his employer's ways, works, or machinery, as was the case in Ashton v. Boston & Me. R. R., above referred to. Nor in our opinion was the railroad entitled to have the jury told that they would be warranted in finding according to the terms of the request, which made no distinction between contractual and voluntary assumption of risk.

The jury were instructed, in substance, that the burden was on the plaintiff to satisfy them that due and proper care had not been used by the railroad to provide such spacing between the tracks as would secure such room between a car standing on one and a train passing on the other as an employé performing Ramsdell's duties had a right to expect. The railroad made no request for any further instructions regarding contractual assumption of risk as involved in the question of negligence, and their omission does not, therefore, afford any ground for a claim that the instructions given were insufficient or erroneous in this respect. In view of all the evidence, we cannot hold that the court was bound either to direct a verdict for the defendant or to rule that upon it the plaintiff could not recover.

[5] Evidence was admitted against the railroad's objection tending to show that the standard spacing between tracks, from center to center, was 13 feet. Notwithstanding the obvious fact that no such standard could be applied to converging tracks, we are unable to see in this evidence anything liable to mislead the jury. That it was applicable only in the case of parallel tracks must have been as clear to them as it would be to every one else.

[6] Section 134 of the above Employers' Liability Act (St. 1909, c. 514) provides that an employé who knew of the defect or negligence which caused his injury shall not be entitled to the right of action for damages given by the act if he failed, within a reasonable time, to give information thereof to his employer, or to some one intrusted with general superintendence by such employer. The railroad assigns as

error a refusal by the court to instruct that the plaintiff had no right of action if Ramsdell, having such knowledge, failed to give such notice. The railroad, however, having neither pleaded nor undertaken to prove any such knowledge on Ramsdell's part, or any failure by him to give the notice called for by the statute, we think the requested instruction was rightly refused. It was not part of the plaintiff's case to prove absence of such knowledge, or the giving of such notice. Connolly v. Waltham, 156 Mass. 368, 31 N. E. 302.

[7] We think the instructions given sufficiently covered the requested instructions that the railroad could not be held to have guaranteed the safety of the place of work or the machinery or appliances on which Ramsdell was at work when injured, and that there could be no recovery if the sole cause of his injuries was his own act, whether the defendant was negligent or not. We are unable to believe that the defendant was prejudiced by the omission to instruct in the terms of these requests.

[8] The defenses of contributory negligence and voluntary assumption of risk not being open to the railroad, the refusal of the trial court to instruct that if Ramsdell had himself directed the placing of the stationary car where it was at the time of his injury, there could be no recovery for injuries to him by reason of said car being in that position, was not error.

What has been said disposes of all the errors assigned in the bill of exceptions and not waived in this court.

The judgment of the District Court is affirmed, with interest, and the defendant in error recovers her costs of appeal.