# Western Steel Car & Foundry Co. *v.* Cunningham.

### *Action for Damages for Injury to Employe.*

(Decided Dec. 17, 1908. 48 South. 109.)

1. *Master and Servant; Injury to Servant; Superintendence; Complaint.*—A complaint drawn under sub. 2 of section 1749, Code 1896, is not subject to demurrer because it alleges generally that plaintiff was injured by the negligence of a person in the service of defendant who had superintendence entrusted to him, whilst in the exercise of such superintendence, without stating what the superintendence was.

[Western Steel Car & Foundry Co. v. Cunningham.]

2. *Same; Negligence; Res Ipsa Loquitur.*—The import of the doctrine of res ipsa loquitur in any given case is that on the proof made plaintiff has a prima facie case, without direct proof of negligence, and if there is any specific evidence, positive or circumstantial, bearing on the question of negligence, it need not be invoked, if it can be said to apply to an action between master and servant.

3. *Same; Evidence.*—Where the evidence showed that plaintiff and other employes of defendant under the charge of a superintendent was engaged in moving lumber on a car on tracks connecting by a turn-table, and that while it was on the turn-table, and after the table had been moved, the lumber fell on plaintiff, and the evidence further showed the dimensions of the lumber and of the car, the manner in which the lumber was loaded and the description of the turntable, and tended also to show that the load was unusually large, considering the length of the lumber, such evidence furnished an inference from which the jury might find that the accident was caused by the negligence of the superintendent in not seeing that the car was properly and securely loaded, and did not leave the matter to conjecture wholly, although the witnesses testified that they did not know what caused the lumber to fall off, that the car was standing perfectly still and that there was no jar or shock.

4. *Same; Contributory Negligence.*—In either case, it being necessary for the plaintiff to go under the car and latch the table when it stopped, and the lumber which injured him not having fallen until he was getting up after latching the table, the fact that the employe went around with the table with a car of lumber on it when he should have used a stick, cannot properly be said to be the proximate cause of his injury.

5. *Appeal and Error; Harmless Error; Challenging Juror.*—It was not reversible error to permit the plaintiff to challenge the juror after he had been accepted by both parties, where it was subsequently learned, before the completion of the jury, that although the juror had been discharged by the defendant, he expected to go back to work for the defendant.

6. *Same; Assignment of Error; Mistake.*—An assignment of error mistaking the question sought to be reviewed cannot be considered on appeal.

7. *Trial; Instruction; Form.*—A charge that "the court charges the jury that they must find for the defendant as to the 2nd count of the complaint," is bad in form.

8. *Trial; Instructions; Assuming Facts.*—A charge that if the jury find that plaintiff's negligence proximately contributed to his injury they must find for the defendant, thought it was negligent, is bad in assuming that plaintiff was negligent.

9. *Same; Casting Suspicion on Evidence.*—A charge instructing a finding for the defendant if the jury find that plaintiff's negligence contributed to his injury, "even" though defendant was negligent, not only assumes the fact of plaintiff's negligence but casts doubt, distrust or suspicion on the evidence as to defendant's negligence.

10. *Same; Asserting No Legal Proposition.*—A charge asserting that there was no evidence that plaintiff's injuries were permanent asserts no proposition of law and invades the province of the jury.

11. *Same; Exclusion of Evidence.*—Where the answer to a question would have been a repetition of testimony already given, it was not error to sustain objection thereto.

APPEAL from Anniston City Court.

Heard before Hon. T. W. COLEMAN, JR.

Action by Sam Cunningham against the Western Steel Car & Foundry Company for damages, under subdivision 2, Employers' Liability Act (Code 1906, § 1749). From a judgment for plaintiff, the defendant appeals. Affirmed.

The facts are sufficiently set out in the opinion. The case was tried upon two counts, which are as follows: Count 2. Plaintiff claims of the defendant $1,999 damages, for that hertofore, to wit, on the 17th day of January, 1907, plaintiff was employed by the defendant as a laborer in a lumber yard in Anniston, Calhoun county, Ala., and while plaintiff was acting within the line and scope of his said employment a large quantity of lumber or timber, which was piled on a car or timber buggy used in defendant's said lumber yard, fell on, upon, or against the person of plaintiff, severely bruising and wounding plaintiff in and on the shoulder and head, so that his cheek was cut to the bone, his eyes permanently injured, and his earning capacity greatly diminished. Wherefore plaintiff was kept out of work and was unable to work for a long time, suffered great physical and mental pain, and will contiue to suffer great mental and physical pain, and has been rendered less able to earn a living; hence this suit. Said lumber fell on plaintiff and plaintiff was injured as aforesaid by reason and as a proximate consequence of the negligence of a person in the employment or service of the defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, to wit, one Frank Rich, in the exercise of such superintendence, negligently caused

[Western Steel Car & Foundry Co. v. Cunningham.]

or allowed said lumber or timber to fall from said car or buggy. Count 3. Same as count 2 down to and including the words, "hence this suit," where they first occur therein. Plaintiff was injured as aforesaid by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, to wit, one Frank Rich, in the exercise of such superintendence, negligently cauesd or allowed said lumber or timber buggy to be improperly or dangerously loaded with said lumber or timber, so that said lumber fell and injured plaintiff as aforesaid. Demurrers were interposed as follows: To count 2: (1) It does not appear therefrom what superintendence said Rich was in the exercise of at the time of plaintiff's injury. (2) It does not appear how or wherein said Rich negligently caused or allowed said timber to fall from said car or lumber buggy. (3) The averments of negligence upon the part of said Rich are not sufficiently and definitely set forth. (4) The averments of negligence on the part of said Rich are too indefinitely and uncertain. To count 3: It does not appear from said count what superintendence said Rich was in the exercise of at the time plaintiff was injured. (2) It does not appear how or wherein said Rich caused or allowed said car or timber buggy to be improperly and dangerously loaded with said lumber or timber. (3) The allegation of negligence of said Rich as set out in said count is too uncertain and indefinite to support a recovery.

The following charges were refused to the defendant. "(1) The court charges the jury that there is no evidence in this case that plaintiff was or is permanently injured. (2) If the jury believe the evidence, they must find for the defendant. (3) The court charges the jury that

they must find for the defendant as to the second count of the complaint." (4) Same as 3 as to third count of complaint. "(5) The court charges the jury that, if they find that Sam Cunningham's negligence proximately contributed to his injuries, they must find for the defendant, even though defendant was guilty of negligence." With reference to the juror Burgess, the bill of exceptions recites: "The court permitted plaintiff, over defendant's objection and exception, to challenge the juror named Burgess, after plaintiff expressed himself as satisfied, and after defendant expressed itself as satisfied with him and the jury, because subsequently and before the jury was completed it was learned, and Burgess admitted, that he had been discharged, but expected to go back to work for the defendant again." The sixth assignment of error is that the court erred in overruling the defendant's objection to the question propounded to Henry Smart by plaintiff: "When the car is loaded with lumber, and lumber is projecting over each side of the car, what is the usual and ordinary way to latch and unlatch the table?" The question is misquoted, in that it assumed that the lumber projected over the sides instead of the ends of the car, and all the testimony tended to show that it was loaded so that it projected over the ends and not the sides of the car. The grounds for new trial were the same as assigned as error and treated in the opinion.

WILLETT & WILLETT, for appellant. The court erred in overruling demurrers to the 2nd count. If Rich caused the lumber to fall with his own hands then he had control over the lumber but not superintendence of it.—*Dantzler v. DeBardelaben Co.,* 101 Ala. 311; *Culver v. Ala. Mid. Ry.,* 108 Ala. 335; *Freeman v. Schloss Co.,* 137 Ala. 481. The court should have excluded the

testimony and have given the general affirmative charge. —*Gulf City C. Co. v. L. & N.*, 121 Ala. 621; *Patton v. T. & P. Ry. Co.*, 179 U. S. 658; *L. & N. x. Allen*, 78 Ala. 494; *Bromley v. Birm. M. Ry. Co.*, 95 Ala. 397; *McDonald v. Mont. St. Ry.*, 110 Ala. 162; *Western Ry. of Ala. v. Williamson*, 114 Ala. 132; *Southworth v. Shea*, 131 Ala. 419. The question asked the witness Worsham was competent.—*Ala. N. R. R. Co. v. Jones*, 114 Ala. 519; *Culver v. Ala. Min. R. R. Co. supral*; 108 Ala. 230. Counsel discuss other assignments of error relative to evidence, but without citation of authority.

MATHEWS & MATHEWS, for appellee. The 2nd and 3rd counts were not subject to demurrers interposed.— *Williamson I. Co. v. McQueen*, 144 Ala. 265. The court did not err in reference to the juror.—*Adams v. Olive*. 48 Ala. 551; *Hayes v. Crutchfield*, 7 Ala. 189; *Tatum v. Young*, 1 Port. 298. The question of negligence is for the jury and the court properly refused to exclude plaintiff's evidence and give the affirmative charge for defendant.—*Bromley's Case*, 95 Ala. 397; *Eureka Co. v. Bass*, 81 Ala. 200; *Drennan v. Smith*, 115 Ala. 396; *Southern Ry. Co. v. Guyton*, 122 Ala. 241; Dresser's Emp. Liab. Act, 283. Charge 1 was properly refused.— *Moss v. Moseley*, 41 South. 1020. Charge 2 was properly refused.—*Bromley's Case, supra*. Charge 3 was properly refused.—*George's Case*, 94 Ala.; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 593. Charge 5 was properly refused. —*City Stables Co's' Case*, 119 Ala. 615.

DENSON, J.—The complainant contained four counts, but the first and fourth are not here for review, the trial court having eliminated them by charges given at the request of the defendant.

The second and third counts are predicted upon the second subdivision of the employer's liability statute

(section 1749, Code of 1896), which provides: "When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence intrusted to him, whilst in the exercise of such superintendence, the master shall be liable to answer in damages." Demurrers to these counts, proceeding upon the theory of generality of averment as to the superintendence intrusted to the person named, and upon the further theory that the counts state only conclusions, were overruled. By appropriate assignments of error, the judgment on the demurrers is presented for review.

Tested by the numerous decisions of this court, it is obvious that the counts are sufficient, and that the demurrers were properly overruled.—*Williamson Iron Co. v. McQueen, Adm'r,* 144 Ala. 265, 40 South. 306, and cases there cited.

The plaintiff, as an employe of the defendant, with five others of defendant's servants, was on the 17th day of January, 1907, engaged in loading lumber on a "lumber buggy" or tram car and moving it, on the car, from one part of defendant's yard to another, all under the supervision of Frank Rich, defendant's superintendent. The car stood on a standard-guage track, the sides projecting slightly over the track, and was 5 or 6 feet long, and the floor was 2 or 2½ feet above the track. Said lumber consisted of pieces 3¼x4 or 3¼x5 inches, 16 feet long, and these were being loaded onto the car lengthwise, in tiers, and over the entire width of the car. The testimony as to the heigth to which the lumber was thus stacked on the car varied the height from 2 feet to 4 feet. After being loaded, the car was rolled onto a turntable to be shifted to another track. The turntable was made fast by a latch which fitted into a slot. After the car was placed on the table, the super-

intendent would command the servant in position near-est to the latch to unlatch the table. On this occasion the command was given to the plaintiff, and in obeying it he got upon his knees, in a "crouching position," lifted the latch and held it in his hand, and followed the table, as it turned, until it was brought into position from which the car might be run onto the track designated by the superintendent, when plaintiff (as the testimony offered by him tended to show) dropped the latch into the slot, "without any jar or concussion," making the table fast again. Plaintiff then started to move out from under the side of the car, whereupon two tiers of the lumber fell from the car upon him, inflicting a painful injury.

The first question presented for consideration by the charges refused to the defendant is whether or not the plaintiff was entitled to have the issue of negligense vel non passed upon by the jury, the insistence of the ap-pellant (defendant) being that there is nothing in the evidence which would afford a reasonable inference that the falling of the lumber was the result of negligence on the part of defendant's superintendent. In this connec-tion, appellant's counsel makes the point, broadly, that the doctrine or maxim res ipsa loquitur has no applica-tion in cases between master and servant, and, there-fore, that the falling of the lumber itself cannot form a predicate for reasonable inference of negligence. While it must be conceded that this doctrine is more freely and appropriately applied in cases of passenger and carrier, yet not only has this court applied the doctrine in a case between master and servant (*Tenn., etc., Co. v. Hayes,* 97 Ala. 201-207, 12 South. 98), but—as will be seen by reference to cases cited in note 8 to text, page 2303, 2 Labatt, Master & Servant—courts of other juris-dictions have, under certain circumstances, applied the

maxim in such cases. But, however this might be decided, the exigencies of the instant case do not require a determination of the question. The essential import of that doctrine in any given case is that, on the facts proved, the plaintiff has, without direct proof of negligence, made out a prima facie case. In other words, it seems there is no peculiar magic in the Latin maxim. As was said in the oft-quoted case of *Graham v. Badger*, 164 Mass. 42, 47, 41 N. E. 61, it is "merely a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that, therefore, there is presumption of fact, in the absence of other explanation, or other evidence which the jury believe, that it happened in consequence of negligence." And thus is brought out the fact clearly, "so often overlooked, that it is the jury which makes the presumption in giving proper effect to the evidence, the jury which says res ipsa loquitur."— See 66 Cent. Law J. No. 20, p. 386; *Bien v. Unger*, 64 N. J. Law, 596, 46 Atl. 593. Therefore, where the servant (plaintiff) produces other evidence than the mere fact of the accident—in other words, if there is any specific evidence, positive or circumstantial, bearing on the question of negligence, which will warrant a reasonable inference of negligence—there is no necessity for the invocation of the doctrine of res ipsa loquitur in aid of, or to establish, a prima facie case. This is clearly illustrated in a case, decided by the Missouri court, in which an employe' was injured by the falling of a bridge. We quote: "Where all the details of the construction of a bridge and its inspection are before the jury, the case of a servant who is injured by the fall of the bridge does not stand merely on the fact that the structure gave

way, and it is not error to leave the jury to say whether the defendant's want of reasonable care in the erection and inspection of the bridge occasioned the injury complained of."—*Bowen v. Chicago, etc., Co.,* 95 Mo. 268, 8 S. W. 230.

In the case at bar the evidence shows the dimensions of the lumber, the dimensions of the car, the manner in which the lumber was loaded on the car, the description of the turntable, and, in addition, tends to show that the load was unusually large, considering the length of the lumber. Concerning it, a witness testified: "I call it an extraordinary large load for the length of it." The witnesses for plaintiff, it is true, testified that they did not know what caused the lumber to fall off, but they testified that the car was standing perfectly still, and that there was no "jar or shock." It cannot be doubted it was a duty the defendant company owed the plaintiff, to see to it, through its superintendent, that the car was properly and securely loaded. The superintendent was present for that purpose; he knew the conditions of the track on which the car was to run (or it was his duty so to be advised) ; he knew the dimensions of the car and of the lumber, and he saw how the lumber was loaded. Under the testimony, we think it more probable that the falling of the lumber was due to a cause for which defendant was responsible than to a cause for which it was not responsible. In other words, we think the testimony warrants the inference that the falling of the lumber might reasonably be attributed to overloading, or to the improper loading of the car, which would constitute negligence. As was aptly said by the trial judge, in response to the motion for a new trial: "It being the duty of the superintendent to oversee the loading and moving of the cars, it was certainly his duty to be acquainted with the conditions under which

loading and transportation were to be done, and a fail-
ure to use proper care in loading with reference to such
conditions would be negligence. If the car was safely
loaded, taking into consideration all the conditions, then
the lumber did not fall under the circumstances recited
by plaintiff's witness, or, at least, there is no probability
that it did. But the lumber did fall, and unless account-
ed for by defendant's witnesses, it must have fallen be-
cause, under the conditions existing, it was not securely
loaded. As the falling of the lumber could be reasonably
accounted for, either as being due to unsafe loading or
to the impact of the latch against the catch on the track,
and as the defendant attempted to account for it on the
latter theory and by direct testimony, the jury would
not have been justified in accounting for it on some other
imaginable theory, or in not accounting for it at all."

Upon the whole, the court is not of the opinion that
the facts proved left the question as to what caused the
injury wholly in conjecture, as distinguished from infer-
ence; but the court is of opinion that the trial court
properly regarded the question of negligence vel non
one for the determination of the jury, and committed no
error in declining to exclude the evidence offered by
plaintiff.

The testimony for the defendant tended to show that
the lumber was caused to fall by the plaintiff's dropping
the latch against, instead of in, the slot; and that this
jarred the car to such an extent as to cause the lumber
to fall. It also tended to show that the manner in which
the plaintiff latched the table was not the proper way;
that he should have used a stick, and not have gone
around with the car. In respect to these two defenses,
it should suffice to say the testimony was in conflict.
Furthermore, even if the stick was the proper implement
to be used in latching, and if it had been used by the

plaintiff on the occasion here involved, yet the testimony tends to show that when the table stopped, whether the stick was used or not to latch the table, it was necessary for the person doing the latching to go under the car and latch with the hand. So it was a reasonable inference from the evidence that the failure to use the stick did not in this instance proximately contribute to plaintiff's injury.

Upon the foregoing considerations, it follows that the court committed no error in refusing charges 2, 3, and 4, requested by the defendant. It may also be said of charge 3 that it is in bad form.

Charge 5, requested by the defendant, is subject to the criticism, indulged by appellee's counsel, that it assumes that plaintiff was guilty of negligence. We think it subject also to the criticism that was placed upon charge 5 (defendant's series) requested in the *Miller Case*, 107 Ala. 40, 60, 19 South. 37.

The court was under no duty to give charge 1. It asserts no proposition of law.—*Mobile, etc., Co. v. Walsh*, 146 Ala. 295, 40 South. 560.

The court gave charge 10 at plaintiff's request. This action has been assigned as error, but appellant does not insist upon the assignment.

There is no reversible error in the ruling of the court allowing plaintiff to challenge juror Burgess.—*Adams v. Olive*, 48 Ala. 551, and cases there cited; *Haynes v. Crutchfield*, 7 Ala. 189, 195.

This brings us to a consideration of the rulings of the court upon the admissibility of testimony. Defendant asked its witness Worsham this question: "You have stated there was a safe way to have done it (latch the table). I will ask you whether getting under and taking the latch in your hand and going around with the latch was a safe way?" The ruling of the court, sustain-

[Birmingham Railway, Light & Power Co. v. Williams.]

ing objection to this question, may be justified on two or more grounds; but it suffices to say that, had the witness answered the question as the defendant expected he would answer it, the response would have been only a repetition of testimony already given by that witness.

The sixth ground in the assignment of errors mistakes the question sought to be reviewed, and cannot therefore claim the attention of the court.

We have not been shown that the court should have granted the motion for a new trial.

No error appearing in the record, the judgment appealed from must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.

