(78 South. 756)

### SEGREST v. RODEN COAL CO.
### (2 Div. 657.)

(Supreme Court of Alabama. · April 4, 1918.)

1. MASTER AND SERVANT ⊜⇒293(14)—INJU-
RIES TO SERVANT—ACTIONS—INSTRUCTIONS—
GROUNDS.

In an action for the death of a miner due
to an explosion of gas, an instruction that, if
the means provided by defendant for the cir-
culation of air in the mine were ample to prop-
erly conduct the air to the entries and work-
ing places, and dilute, carry off, and to ren-
der harmless the explosive gases generated,
verdict should be for defendant, was erroneous
as calling for a finding for defendant if it
provided ample means of ventilation, but omit-
ted the necessity of maintaining the means or
appliances to the extent that the gas would· be
diluted so as to be rendered harmless; Acts
1911, p. 515, § 40, providing that the minimum
amount of air to be supplied shall be 100 cubic
feet per minute per man and 500 cubic feet
for mule or horse; it being the intent of the
Legislature by such statute to protect the miner
from obnoxious and explosive gas, and that
such duty is nondelegable.

2. MASTER AND SERVANT ⊜⇒293(14)—INJU-
RIES TO SERVANT—ACTIONS—INSTRUCTIONS—
GROUNDS.

In an action for the death of a miner from
the explosion of gas, instructions, exempting de-
fendant from liability if the air in the mine had
been short-circuited by raising a curtain in
an air course, were erroneous, as failing to des-
ignate the person through whose acts such cur-
tain was raised.

Appeal from Circuit Court, Bibb County;
B. M. Miller, Judge.

Action by G. W. Segrest as administrator
of the estate of Grover Finley, deceased,
against the Roden Coal Company, for dam-
ages for the death of his intestate, while in
the service and employment of defendant.
Judgment for plaintiff, and defendant ap-
peals. Reversed and remanded.        ,

The action was based upon the negligence
of defendant in failing to provide sufficient
air in the mine, and because of said failure
gas is generated in said mine, became ignit-
ed, and caused an explosion which killed
plaintiff's intestate. Defendant's eighth plea
set up that intestate was an old and expe-
rienced miner, that he knew how to use a
safety lamp and ascertain whether or not
there was any gas in dangerous or explosive
quantities in the mine; that intestate had
said lamp at his disposal and could have
used same; that it was his duty to use said
lamp and ascertain if there was any gas in
the place where he was working in dangerous
or explosive quantities; that he negligently
failed to use this safety lamp to ascertain
the presence of gas in the place where he
was working, and as a proximate conse-
quence met his death in said explosion; that
there was a certain canvas curtain up at the
ninth left air course and panel No. 1 in said
mine; that said curtain, if lifted up and
left up, would likely cause a short-circuiting
of the air in the twelfth left heading, and
gas in dangerous and explosive quantities to

thus accumulate in the left twelfth heading,
which facts were known to intestate; that
intestate knew that a crew of men in the
mine at that time were dragging a piece of
cable out of the left ninth air course through
or under said curtain, and that same would
likely be lifted up to get said cable under,
and would likely be left up; that with all
the knowledge aforesaid intestate negligently
failed to use said lamp to ascertain if gas
had accumulated in said twelfth left head-
ing, and as a proximate consequence said ex-
plosion occurred.

The following are the charges noticed in
the complaint:

Assignment 1. The court charges the jury
that, if you believe from the evidence that on
the occasion complained of the means provided
by defendant were the circulation of air to the
main entrance and other working places in its
mine were ample to properly conduct said. air
to said entries and working places, and dilute,
carry off, and render harmless the explosive
gases generated in said mine, you should return
a verdict for defendant.

Assignment 2. Unless plaintiff reasonably
satisfies you from the evidence that the explo-
sion was caused by the carelessness of de-
fendant company, or its superintendent, Mr.
Dryer, in respect to providing and maintaining
the means of ventilating the mines, you should
have returned a verdict for defendant, and aft-
er a full and fair consideration of all the evi-
dence you are reasonably satisfied from the
evidence as to whether or not the explosion was
caused by a careless failure to maintain and
provide ample means of ventilation, or by the
leaving up of the curtain at the ninth left air
course and panel No. 1, and you cannot say
which caused the explosion, then you cannot
find for plaintiff.

Assignment 3. If you believe from the evi-
dence that the accumulation of gas which ex-
ploded was caused by the leaving up of the
curtain at the ninth left air course in panel
No. 1, you should return a verdict for defend-
ant.

Assignment 4. Under the evidence and is-
sues in this case, plaintiff is not entitled to re-
cover by proof alone that his intestate was kill-
ed in the gas explosion, but he must go further,
and reasonably satisfy your mind from the evi-
dence that such explosion was directly and prox-
imately caused by a failure to provide ample
means of ventilation for the circulation of air
through the main entries and other working plac-
es to an extent that it would dilute, carry off,
and render harmless the explosive gases gener-
ated in said mines, and properly conducted to
all working places in the mine; and, if the
jury are reasonably satisfied from the evi-
dence that such means were provided, but that
the men lifted the curtain at the ninth left air
course and panel No. 1, that this short-circuited
the air and caused the explosion, then you
should return a verdict for defendant.

Assignment 5. If you are reasonably satisfied
from the evidence that plaintiff's intestate, Gro-
ver C. Finley, knew, or ought to have known,
that to lift up and leave up the canvas curtain
at the ninth left air course and panel No. 1
would likely cause a short-circuiting of the
air in the twelfth left heading, and thus likely
cause an accumulation of gas in dangerous
quantities in said twelfth left heading, and like-
ly to cause an explosion, and if you further
believe from the evidence that the air was thus
short-circuited, and the explosion caused, you
should return a verdict for defendant.

Assignment 6. If the accumulation of gas

in the twelfth left heading on the occasion complained of was caused, not from any fault in the means of ventilation provided and maintained by defendant, but because the air was short-circuited by the lifting by the means of the curtain at the left ninth air course and panel No. 1, with or without plaintiff's intestate's knowledge that the curtain had been lifted, defendant would not be liable to plaintiff in this action.

Assignment 7. If you believe from the evidence that the mine foreman designated Grover Finley to act as safety man for the crew on the occasion complained of, and to make examination for gases and find out whether or not there was any gas in the place where he worked, and where the other man worked, that he knew how to use a safety lamp, and if you further believe that Finley negligently failed to use this safety lamp to ascertain the presence of gas in the places where he was working, and that this conduct on his part proximately contributed to cause the explosion, you should return a verdict for defendant, and this would be true whether or not the fire boss, with the proper state fire boss' certificate of competency, was sent with the man to examine the working places before they went into the mine.

Assignment 8. If you believe from the evidence that plaintiff's intestate Grover Finley was an experienced miner, that he knew how to use the safety lamp, and ascertain whether or not there was any gas in dangerous or explosive quantities in the mine, and that he had a safety lamp at his disposition, and could have used the same, and that the mine foreman had put him in charge of the crew of men as safety man, and gave to him the duty to use a safety lamp and ascertain if there was any gas in the place where he was working in dangerous and explosive quantities, that he negligently failed to use this lamp to ascertain the presence of gas in the place where he was working, and as a proximate consequence the explosion occurred, you should find a verdict for defendant.

Assignment 9. If the explosion occurred because the curtain at the ninth left air course and panel No. 1 was left up by the men, there would be no liability upon defendant.

Charles A. Calhoun and John T. Glover, both of Birmingham, for appellant. Stokely, Scrivner & Dominick, of Birmingham, and John T. Ellison, of Centerville, for appellee.

ANDERSON, C. J. In the case of Walker v. Birmingham Coal & Iron Co., 184 Ala. 425, 63 South. 1012, in construing section 1016 of the Code of 1907, we held that it was the imperative duty of the mine owner or superintendent to keep the mine swept out and freed from noxious gases generated therein, that this was a nondelegable duty, and that the mere furnishing of the means would not suffice. Section 40 of the Act of 1911, p. 515, while succeeding section 1016 of the Code of 1907, makes no practical change except to include explosive as well as noxious gases and to also provide that the minimum amount of air to be supplied shall be 100 cubic feet per minute per man and 500 cubic feet per mule or horse. We still think that it was the intent of the Legislature to protect the miner from the danger of noxious and explosive gases generated in the mine, and that this is a nondelegable duty, as held in the Walker Case, supra. Had the Legislature provided merely the supplying of a certain amount of air, instead of requiring that the gas be diluted, carried off, and rendered harmless, the mine owner would, no doubt, meet the statutory requirement by supplying the requisite amount. But this was not done, and the amount of air provided is a legislative ascertainment that nothing short of the amount of air so prescribed will accomplish the purpose. The result is the law requires the mine owner, or superintendent, to see that all noxious and explosive gases generated in the mine are so diluted or carried out as to render the same harmless, and that nothing less than air to the extent of 100 cubic feet per man per minute and 500 cubic feet for mule or horse will accomplish the purpose.

[1] It is true that in the opinion upon rehearing in the Walker Case, supra, we said it "may be" that the act of 1911 would change the rule, and that the mine owner would meet the requirement when he furnished the requisite amount of air. This expression, however, was in no sense a construction of the act of 1911, which did not apply to the case under consideration, and it was not then realized that the act, instead of prescribing the amount of air, merely fixes a minimum amount. The charge, copied in assignment of error No. 1, given for the defendant, did not conform to the statutory requirement, as it called for a finding for the defendant if it provided ample means of ventilation, but omitted the necessity of maintaining the means or appliances to the extent that the gas would be diluted or swept out so as to render the same harmless. Nor can the giving of said charge be justified upon the suggested idea that the complaint is so worded as to entitle the defendant to a verdict if the proof failed to show a noncompliance with either conjunctive averment under the case of Birmingham Ry. Co. v. Baylor, 101 Ala. 488, 13 South. 793, and other cases cited. The complaint followed the statute, and the gravamen of the action was not a mere failure to provide the means, but to provide and maintain the same to the extent as required by the statute, and the plaintiff would meet the averment by proof of a failure to supply air to the extent of accomplishing the purpose, whether it was due to the insufficiency of the means or a failure to operate and maintain the same even if amply and sufficiently provided.

[2] The trial court erred in giving the charge for the defendant, copied in the second assignment of error. If not otherwise bad, it charges the plaintiff's intestate with the act of any one in leaving the curtain up at the ninth entry. The plea charges that the intestate left it up, but the charge does not confine it to the plaintiff or to one for whose act the defendant may not be respon-

.sible. From aught that appears from the charge, the panel may have been left up by some servant or agent of the defendant other than the intestate, charged with the duty of maintaining and operating the ventilating system, and keeping the panel down may have been essential to a proper ventilation. Of course, if the intestate left it up, and that was the proximate cause of the injury, the defendant would be entitled to a verdict under its special plea invoking this defense. Or if the fire was caused proximately by the panel being left up by one for whose act the defendant was not answerable to the intestate, the defendant would not be liable, as the injury did not thus result from a breach of the statute, but by some intervening act of the intestate, or other person for whose act the defendant was not liable; but the charge does not confine the raising or leaving the panel up to one for whose conduct the defendant was not responsible. Charges set out in assignments of error 3, 4, 6, and 9, if not otherwise faulty, possess the same vice as the one set up in assignment numbered 2. The men, or some of them, referred to in the charges may have been charged with the duty of looking after the ventilation of the mine. These charges are not so worded as to be governed by the defendant's plea 8.

The charge copied in the fifth assignment of error fully hypothesized the material averments of defendant's plea 6, to which no demurrer seems to have been interposed, and whether said plea would have withstood an appropriate demurrer we need not decide as it is sufficient to say that the giving of this charge was not error under said plea 6.

The charges copied in assignments of error 7 and 8 seem to conform to defendant's pleas of contributory negligence.

The charge copied in the tenth assignment of error could probably have been refused without error, as it is not predicated upon any issue presented by the pleading, as there is no count for a failure of the fire boss to examine the working place, though the giving of same was not reversible error.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.