(88 South. 145)

## ALABAMA FUEL & IRON CO. v. MINYARD et al.   (7 Div. 64.)

(Supreme Court of Alabama.   Nov. 11, 1920. Rehearing Denied.   Dec. 18, 1920.)

1. Master and servant ⬅➡259(5)—Complaint for mine superintendent's negligence held insufficient.

In an action for death of a coal miner caused by an explosion, complaint under Code 1907, § 3910, subd. 2, and Acts 1911, p. 515, § 40, held demurrable as not sufficiently setting forth the alleged negligence of defendant mining company's superintendent, and as not sufficiently showing or describing in what manner the superintendent was negligent.

2. Trial ⬅➡76—Objection constituting experiment on answer of witness properly overruled.

Where plaintiffs asked their witness whether he worked for defendant company, and, after the witness had answered "Yes," defendant's counsel objected, the objection was merely experimenting on the answer of the witness, and no error was committed in overruling it.

3. Witnesses ⬅➡369—Testimony that plaintiffs' witness worked for defendant company admissible.

In an action for death of a coal mine employee in an explosion, plaintiffs properly elicited from their witness the fact that he worked for defendant company.

4. Appeal and error ⬅➡966(2)—Continuance ⬅➡33—Question of grant for absence of witness, etc., discretionary, and not reviewable.

Question of continuance for absence of a witness and refusal to put plaintiff on admission of showing as to what the witness would testify to was in the exercise of a sound discretion by the trial court, and not reviewable.

Appeal from Circuit Court, St. Clair County; W. J. Martin, Judge.

Action by Cora Minyard and another, as administrators of the estate of W. L. Minyard, deceased, against the Alabama Fuel & Iron Company for damages for the death of their intestate in a mine operated by the de-

fendant. Judgments for plaintiffs, and defendant appeals. Reversed and remanded.

Following is count 1:

The plaintiffs, Cora Minyard and George Howton, who sue as the administrators of the estate of W. L. Minyard, deceased, claim of the defendant, Alabama Fuel & Iron Company, a private corporation, the sum of, to wit, $30,000, as damages, for that theretofore, to wit, on the 7th day of February, 1919, the defendant was operating a coal mine in St. Clair county, Ala., to wit, at or near Acmar; that on said day plaintiff's intestate, W. L. Minyard, was in the service or employment of the defendant in said mine, and while engaged in or about the work of the defendant in said mine for which he was employed an explosion occurred in said mine, and as a proximate consequence thereof plaintiff's intestate was so injured that he died on the 12th day of February, 1919; hence this suit.

Plaintiff avers that their said intestate was injured on the occasion aforesaid, and his death was caused by reason and as a proximate consequence of the negligence of a person in the service or employment of the defendant who had superintendence intrusted to him whilst in the exercise of such superintendence, viz. said person, to wit, George Echols, a person in the service or employment of the defendant and intrusted by it with the exercise of superintendence, negligently, in the exercise of such superintendence, caused or allowed plaintiff's intestate to be injured by said explosion as aforesaid.

The following are the grounds of demurrer referred to:

(7) The alleged negligence of the superintendent, charged with negligence is not sufficiently set forth or described in the complaint.

(9) The averment in said count that the superintendent negligently caused plaintiff's intestate to be injured by said explosion does not sufficiently show or describe in what manner the said superintendent was negligent.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

Count 1 was subject to the demurrers, and the court erred in overruling the same. 183 Ala. 310, 62 South. 804; 171 Ala. 216, 55 South. 93; 130 Ala. 470, 30 South. 586; 197 Ala. 367, 72 South. 641; 199 Ala. 192, 74 South. 69; 201 Ala. 553, 78 South. 907; 203 Ala. 331, 83 South. 55; 200 Ala. 570, 76 South. 929; 200 Ala. 221, 75 South. 979; 143 Ala. 217, 38 South. 1013.

Mathews & Mathews, of Bessemer, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellees.

The duty is imperative to ventilate the mine as to render it harmless from noxious or explosive gases. 184 Ala. 425, 63 South. 1012; 201 Ala. 382, 78 South. 756; 159 Ala. 182, 49 South. 301; 168 Ala. 612, 53 South. 76. Count 1 was sufficient under either aspect. 57 Ala. 145; 134 Ala. 300, 32 South. 700; 130 Ala. 470, 30 South. 586; 123 Ala. 244, 26 South. 349; 121 Ala. 56, 25 South. 793, 77 Am. St. Rep. 17; 83 Ala. 377, 3 South. 902. See, also, section 40, p. 515, Acts 1911.

THOMAS, J. This suit was by the servant against the master for personal injury caused by gas explosion in a coal mine.

The case was submitted on count 1 alleging intestate's employment by defendant and injury while in the discharge of his employment. The sufficiency of the complaint was challenged by grounds of demurrer, among which was this:

"The alleged negligence of the superintendent charged with negligence is not sufficiently set forth or described."

The sufficiency of complaints as statements of the duty of the master and of its breach by the servant, where it lay under the superintendent clause of the statute, has been a matter of frequent discussion; that is to say, the general rules of pleading being applicable thereto, some difference of opinion has existed as to a sufficient statement to show the master's duty and its breach through the negligence of a superintendent in charge and so acting for the master at the time of the injury. L. & N. R. R. Co. v. Jones, 130 Ala. 456, 460, 30 South. 586; Robinson Min. Co. v. Tolbert, 132 Ala. 462, 31 South. 519; Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 59 South. 445; Sloss-Shef. S. & I. Co. v. Terry, 191 Ala. 476, 67 South. 678; T. C., I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Williamson Iron Co. v. McQueen, Adm'r, 144 Ala. 265, 270, 40 South. 306; Western Steel Car & Foundry Co. v. Cunningham, 158 Ala. 369, 375, 48 South. 109; Reiter-Connolly Mfg. Co. v. Hamlin, 144 Ala. 192, 40 South. 280; L. & N. R. R. Co. v. Bargainier, 168 Ala. 567, 53 South. 138; Creola Lumber Co. v. Mills, 149 Ala. 474, 42 South. 1019; Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 61 South. 914.

By sections 40 and 41 of the act of April 18, 1911 (Gen. Acts, pp. 500, 515), "to regulate the mining of coal in Alabama," the duty is imposed upon "the operator or superintendent of every coal mine" to "provide" and "maintain ample means of ventilation for the circulation of air through the main entries and all other working places to an extent that will dilute, carry off and render harmless the noxious and explosive gases generated in the mine, the same to be not less than one hundred cubic feet per minute per man, and five hundred cubic feet per mule or horse" (section 40); and the ventilation shall be such as to properly conduct the air so specified and purified to all working places. It is further provided that no accumulation of explosive gas shall be allowed to exist in the worked out or abandoned

parts of any coal mine in operation, and the entrance or entrances to said worked out and abandoned places shall "be properly fenced off, and cautionary notices shall be posted upon said fencing to warn persons of danger." Section 41; Segrest v. Roden Coal Co., 201 Ala. 382, 78 South. 756; Walker v. Birmingham C. & I. Co., 184 Ala. 425, 63 South. 1012. Mr. Chief Justice Anderson declared the effect of section 40 of the act of 1911: that it was the intent of the Legislature' to protect the miner from the danger of noxious and explosive gases generated in the mine; that this is a nondelegable duty; and that the amount of air provided is a legislative ascertainment so that nothing short of the amount of air prescribed will accomplish the purpose of the statute. The Justice said:

"The result is the law requires the mine owner or superintendent to see that all noxious and explosive gases generated in the mine are so diluted or carried out as to render the same harmless, and that nothing less than air to the extent of 100 cubic feet per man per minute and 500 cubic feet for mule or horse will accomplish the purpose. It is true that in the opinion upon rehearing in the Walker Case, supra, we said it 'may be' that the act of 1911 would change the rule, and that the mine owner would meet the requirement when he furnished the requisite amount of air. This expression, however, was in no sense a construction of the act of 1911, which did not apply to the case under consideration, and it was not then realized that the act, instead of prescribing the amount of air, merely fixes a minimum amount."

The statement of fact of that case shows that the action was based upon the negligence of the defendant coal company in failing to provide sufficient air in the mine, and because of said failure gas was generated in said mine, became ignited, and caused an explosion which killed plaintiff's intestate. As to this, the gravamen of the complaint held sufficient by the trial court as shown by the original record in that case was:

" * * * That the death of his said intestate was caused by reason of the negligence of a person in the service or employment of the defendant as master, whose name is to the plaintiff unknown, who had superintendence intrusted to him whilst in the exercise of such superintendence in this. The said person who, at the time of the death of plaintiff's said intestate, was superintendent of defendant's said mine, then and there negligently failed to provide and maintain in said mine ample means of ventilation for the circulation of air through the main entries, and all other working places in said mine, to an extent that would dilute, carry off, and render harmless the explosive gases generated in said mine, and properly conducted to all working places in said mine; and the plaintiff avers, by reason thereof, gases generated in said mine, became ignited and exploded, killing the plaintiff's said intestate."

The complaint was challenged by demurrer that there was no sufficient causal connection between the alleged negligence of said superintendent and the intestate's death. Segrest v. Roden Coal. Co., supra.

The sufficiency of complaints under the superintendence clause of the statute (section, 3910, Code) has been often considered by this court, and not without a difference of opinion among the justices of the sufficiency of averment of fact to show the extent of the superintendence. These rulings may be illustrated by complaints upheld, the gravamen of which, respectively, was:

" * * * Defendant's superintendent or bank boss, to wit, L. W. Johns, negligently failed to take due and proper precautions to prevent said fire from causing said suffocation or asphyxiation and death of plaintiff's intestate."

This was in a mine explosion and other counts ascribed specific acts of negligence to said superintendent. Bessemer Land & Imp. Co. v. Campbell et al., 121 Ala. 50, 56, 57, 25 South. 793, 797 (77 Am. St. Rep. 17).

" * * * That said furnace broke or gave way, and his intestate's death was caused as aforesaid, by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant * * * whilst in the exercise of such superintendence, viz. Daniel R. Monroe, negligently caused or allowed said furnace to break or give way and said matter to issue therefrom as aforesaid, and thereby negligently caused intestate's death as aforesaid." Williamson Iron Co. v. McQueen. Adm'r, 144 Ala. 265, 271, 40 South. 306, 308.

" * * * The negligence of Bill Simmons, who was then and there * * * intrusted with the superintendence of the train hands and loaders on defendant's said cars and the coupling thereof, and that said injury occurred while the said Bill Simmons was in the exercise of such superintendence [cataloging his injuries], and that such injuries were sustained while plaintiff was endeavoring to couple two of said cars under the said superintendence of the said Bill Simmons." Bear Creek Mill Co. v. Parker, 134 Ala. 293, 301, 32 South. 700, 702.

" * * * Whilst in the exercise of such superintendence, viz. defendant's section boss, to wit, one Smith, negligently caused or allowed the use of means or appliances in or about attempting to get said car upon said rails, which were likely to cause said car to fall as aforesaid" (count 3), and "whilst in the exercise of such superintendence, viz. defendant's conductor, to wit, one Lee, negligently caused or allowed the attempt to get said car upon said rails without proper appliances." L. & N. R. R. Co. v. Jones, Adm'r, 130 Ala. 456, 460, 470, 30 South. 586, 587.

" * * * Whilst in the exercise of such superintendence, to wit, one Frank Rich, in the exercise of such superintendence, negligently caused or allowed said lumber or timber to fall from said car or buggy." Count 2. "In the exercise of such superintendence, to wit, one Frank Rich, in the exercise of such superintendence, negligently caused or allowed said lumber or timber buggy to be improperly or dangerously loaded with said lumber or timber,

so that said lumber fell and injured plaintiff as aforesaid." Count 3. Western Steel Car & Fdy. Co. v. Cunningham, 158 Ala. 369, 372, 48 South. 109, 111.

The demurrers to these last two counts were grounded on generality of averments as to the superintendence intrusted to the person named.

In Sloss-Sheffield Steel & Iron Co. v. Green, 159 Ala. 178, 180, 49 South. 301, 302, the count upheld ascribed the injury to the negligence of C. M. Parker, whilst he was in the exercise of superintendence, in that he "negligently caused or allowed said part of said roof or top to fall upon or against plaintiff." In Republic Iron & Steel Co. v. Williams, 168 Ala. 612, 615, 53 South. 76, 77 the second count was permitted under subdivision 3 of the act, and charged that plaintiff suffered his injuries and damage by reason and as a "proximate consequence of the negligence of a person in the service or employment of defendant to whose orders or directions plaintiff at the time of the injury was bound to conform, and did conform, and said injuries proximately resulted from his having so conformed, viz. said person, whose name is unknown to plaintiff, negligently ordered or directed plaintiff to go into said furnace without properly and sufficiently warning or informing plaintiff as to said gas or liquid." The demurrer takes the point that it does not appear that the person giving the alleged negligent order knew of the danger from the gas or liquid, nor that the person giving the order was under any duty to warn the plaintiff of the danger, nor that the order given was a negligent order. Held, that there was no error in overruling the demurrer to the second count. The court said:

"In the case at bar the negligence counted on is negligence in giving an order by a superior servant. The knowledge of the superior servant of the danger involved in the execution of the order was a condition upon which the negligence depended, but that did not involve the duty of knowing the danger or of informing the plaintiff. His duty was not to give the particular order, if in fact he knew the danger, without informing the plaintiff of it."

In Alabama Steel & Wire Co. v. Tallant, 165 Ala. 521, 51 South. 835, a count upheld alleged that the injuries of plaintiff arose from the negligence of the said Lee Wright in negligently ordering and directing plaintiff to hold a piece of plank between said locomotive and a railroad track car, and that in complying with said order so negligently given plaintiff sustained the injuries set forth—

"by being caught between said locomotive and car, and thrown or shoved in the way of said locomotive; and plaintiff says that the said injuries resulted to him from the negligence of said Lee Wright, who was then and there in the employ or service of the defendant, and to whose orders plaintiff was bound to conform, and did conform, and that his said injuries proximately resulted from his having so conformed."

The count upheld in T. C., I. & R. R. Co. v. Moore, supra, averred that plaintiff's injuries were—

"caused by reason of the negligence of a certain person, to wit, Mr. Flynn, whose name is otherwise unknown to plaintiff, who was in the service or employment of defendant, and who had superintendence intrusted to him, while in the exercise of such superintendence, and said negligence consisted in this, viz.: Said Flynn negligently permitted the top or roof of said mine to be defective, or to be improperly supported, where plaintiff was working, or negligently permitted plaintiff to work in a dangerous part of said mine, where rock was liable to fall on plaintiff, without warning or notifying plaintiff of such danger."

The negligence of the superintendent averred and upheld in Sloss-Sheffield Steel & Iron Co. v. Harrison, 200 Ala. 281, 76 South. 47, was as follows:

"That the said Harve Hickey, who had superintendence of the said steam shovel and the men who worked on or about the same, negligently allowed said steam shovel to be operated in a manner dangerous to the safety of plaintiff's intestate, whereby said dipper fell upon plaintiff's intestate and killed him as aforesaid."

Several of the cases relied upon by appellant to support the insufficiency of count 1 for the reason that the alleged negligence charged against the superintendent is not sufficiently described are: T. C., I. & R. R. Co. v. Smith, 171 Ala. 251, 253, 55 South. 170, 171, where count 1 was not under a superintendence clause of the statute, and count 4 was under the general averments, as follows:

" 'And plaintiff avers that his said injuries and damages were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used in the said business of the defendant, in that said mine entry was in a defective and unsafe condition, and that said defect arose from, or had not been discovered or remedied owing to, the negligence of the defendant, or of some person in the service or employment of defendant, and intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition.' Wherefore plaintiff sues and claims damages as aforesaid."

The fact that there were two mine entries was adverted to in 171 Ala. on page 260, 55 South. 173. In Maddox v. Chilton Warehouse & Mfg. Co., 171 Ala. 216, 55 South. 93, the second count was under subdivision 2 of section 3910 of the Code, and charged the negligence to a servant of the defendant, one McElderry, "who was then and there in the service and employment of said defend-

ant, and was then and there intrusted with the superintendence of said gin, and said injury occurred while said McElderry was in the exercise of such superintendence"; and the third count was identical with the second, except that a different McElderry is named as the superintendent, etc. The court said of the count that—

"Though it follows the language of the statute, [it] was subject to demurrer, in that it failed to point out even in general terms any act of negligence on the part of the alleged superintendent with respect to his duty while so engaged. The trial court did not err in sustaining the demurrer to this count."

This was a departure from the ruling on this point in the earlier cases, and this fact was pointed to in the dissenting opinion in Cahaba Coal Co. v. Elliott, 183 Ala. 298, 299, 301, 302, 62 South. 808, the ruling of the Maddox Case was reaffirmed. The announcement was that a complaint which merely alleges that the injury was caused by the superintendent of the master is not sufficient, though following the language of the statute; that is, that the field of superintendence is a wide one, covering all of the master's business, and the mere allegation that the negligence of the superintendent caused the injury was not sufficient to give notice of the negligence charged. The averment in the complaint in Cahaba Coal Co. v. Elliott held insufficient was concluded with this:

"Plaintiff avers that he suffered said injuries and consequent damage by reason of and as a proximate consequence of the negligence of Charles Hines, who was at the time in the service or employment of defendant, and who had superintendence intrusted to him, and whilst in the exercise of such superintendence." Count 11.

This ruling was rested on Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804, where the complaint under subsection 2 of the act, averred the nature and extent of plaintiff's injury, that it was caused by a certain piece or particle of steel that flew with great force and violence from a cleaver when struck by a sledge hammer at the shops of defendant, that his "injury and damage were caused by reason and as a proximate consequence of the negligence of a person in the service and employment of defendant, and intrusted by it with superintendence whilst in the exercise of such superintendence, to wit, Tom Cosper," and held subject to demurrer because it failed to point out any act of negligence on the part of the superintendent in respect to his duties while so engaged.

Counts 1 and 2, alleging superintendence, were upheld, the averment as to such superintendence being as follows:

"* * * Who was also in the service or employment of defendant in the capacity of walking boss, and who was intrusted by defendant with superintendence, and whilst in the exercise of such superintendence in this, said Waugh, who was in the service or employment of defendant, and who was intrusted by defendant with superintendence, and while in the exercise of such superintendence, negligently caused, or negligently allowed, said stump, piece of log, or other heavy piece of timber to fall from or roll down said embankment aforesaid, and fall upon plaintiff." Langhorne v. Simington, 188 Ala. 337, 339, 346, 66 South. 85, 86.

The subject was later considered in Southern Cotton Oil Co. v. Woods, 201 Ala. 553, 78 South. 907, where the negligence charged to the superintendent was the failure to warn plaintiff, stated as follows:

"* * * The injury that he [plaintiff] sustained was the direct and proximate result of the negligence of the said Walter C. Carter, who was at said time in the service or employment of the defendant, and was then and there intrusted with the superintendence of the operation of said gins, and while in the exercise of such superintendence in failing to inform him that he had connected the belt that was on said spike roller with the pulley that gave the machinery motion, and that said spike roller was then in motion."

Held within the influence of Cahaba Coal Co. v. Elliott, supra and Woodward Iron Co. v. Marbut, supra.

The subject was discussed in Shelby Iron Co. v. Bean, 203 Ala. 78, 82 South. 92, where the observation is made of the second subdivision that it makes the master liable as for the negligence of a superintendent while in the exercise of such superintendence, but that some negligent act or omission of such superintendent must be alleged.

In Marbury Lumber Co. v. Heinege, 85 South. 453,[1] two counts were under subdivision 2 of section 3910 of the Code, ascribing superintendence to Davis and an unknown person, respectively. The court said of the counts that they sufficiently set forth the relationship of the parties, the duty owing from one to the other, the nature and character of the work, and the cause of intestate's death proximately resulting from the negligence of the defendant's superintendent in failing to furnish or provide sufficient appliances for supporting or bracing the platform or structure while the work was being done, and that the negligence occurred while in the exercise of such superintendence. The gravamen of said counts was as follows:

"Whilst in the exercise of said superintendence, in this, to wit, the said Davis [in the other count said person whose name is unknown] negligently failed to furnish proper appliances for supporting or bracing the said

[1] 204 Ala. 241.

platform or structure while said work was being done."

[1] It remains to discuss the sufficiency of the complaint under subdivision 2 of section 3910 of the Code and section 40 of Acts 1911, pp. 500, 515, ascribing plaintiff's injuries to the negligence of the superintendent whilst in the exercise of such superintendence, in this:

"George Echols, a person in the service or employment of the defendant and intrusted by it with the exercise of superintendence negligently, in the exercise of such superintendence, caused or allowed plaintiff's intestate to be injured by said explosion as aforesaid."

It is averred:

That on the day and at the time of the injury in question "the defendant was operating a coal mine; * * * that on said day plaintiff's intestate, W. L. Minyard, was in the service or employment of the defendant in said mine, and while engaged in or about the work of the defendant in said mine * * * an explosion occurred in said mine, and as a proximate consequence thereof plaintiff's intestate was so injured."

The act "to regulate the mining of coal in Alabama" (April 18, 1911 [Gen. Acts, p. 500]), and section 40 thereof, as we have noted, placed the duty upon the operator or superintendent of every coal mine to obtain ample means of ventilation for circulation of air to an extent that will dilute, carry off, and render harmless the noxious and explosive gases generated in the mine. It will be noted of count 1 in the instant case that it does not aver or charge that the superintendence "of George Echols, a person in the service or employment of the defendant," was that of a general superintendent in the exercise of the powers and subject to the duties imposed in respect to the ventilation of coal mines under section 40 of the act of 1911. Such "person in the service or employment of defendant and intrusted by it with the exercise of superintendence," and averred to have been negligent in causing or allowing "plaintiff's intestate to be injured by said explosion," may have been a person in such service or employment of the defendant and had intrusted to him the exercise of superintendence over a very limited point or area in the operation of its said mine and whose superintendence was without the authority and superintendence of the conduct of the mine on whom the statute imposed the duty of providing and maintaining a proper ventilation or sufficient air system as related to gases of the several kinds, including explosive gas. Under the authority of the later cases, the count was subject to the 7th and 9th grounds of demurrer. Error was committed in overruling the same.

[2, 3] Only one objection and exception is reserved by assignment of error and argument to the ruling of the trial court on the introduction of the testimony. A witness (Copeland) for the plaintiff having testified that he lived at Acmar and worked around the mines there, and was engineering at the time of the trial, was asked by plaintiff: "Worked for the defendant, the Alabama Fuel & Iron Company?" and answered, "Yes, sir." The record recites that defendant's counsel then said: "Wait a minute. We object to the question on the ground it calls for immaterial, irrelevant, incompetent, and illegal testimony." The court overruled the objection and the defendant duly excepted. This was but experimenting on the answer of the witness, and no error was committed in overruling same. Atla. & St. A. B. Ry. Co. v. Fowler, 192 Ala. 373, 378, 68 South. 283. Aside from this, the question and answer was competent for the jury. Ex parte State (Re Johnson v. State), 199 Ala. 255, 256, 74 South. 366.

[4] The question of a continuance because of the absence of the witness Nesbitt and the refusal to put plaintiff on admission of the showing as to what this witness would testify was the exercise of a sound discretion by the trial court which we will not review. It was, however, important that defendant have the benefit of such expert, disinterested testimony, and on another trial this may be had under due process. Since the cause may be tried, and it may be on different pleading, it will not be necessary that we discuss the other questions presented.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.